**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-457-FDW
(3:12-cr-332-FDW-1)**

| | |
|---|---|
| **PHILLIP A. WELLINGTON,** )<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Opposition to Petitioner's Motion to Vacate, (Doc. No. 3). Petitioner is represented by Patrick Michael Megaro.

**I.     BACKGROUND**

Beginning in early 2007, Petitioner Phillip A. Wellington engaged in a mortgage fraud scheme designed to defraud lenders. (Crim. Case No. 3:12-cr-332, Doc. No. 13 at 5-8: Presentence Investigation Report). Using false statements, straw buyers, and fraudulent loan documents, Petitioner and his coconspirators obtained financing based on inflated property prices, ranging from approximately $850,000 up to $2.5 million. (Id.). Petitioner and his coconspirators then divided the fraudulently obtained funds in a manner designed to conceal the true recipients, while letting the loan payments lapse. (Id.). Consequently, the properties eventually fell into foreclosure and were resold for around half of the inflated prices. (Id.). The victim lenders included Bank of America, PNC Bank, First Choice Mortgage Equity

1

Corporation, Fifth Third Mortgage Company, and First Magnus Financial Corporation. (Id. at 8).

On October 24, 2012, Petitioner was charged in a bill of information with conspiracy to commit offenses against the United States, including making a false statement in relation to a loan, mail fraud, wire fraud, and bank fraud, in violation of 18 U.S.C. § 371 (Count One); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two). (Id., Doc. No. 1: Bill of Information). On the same day, Petitioner entered into a plea agreement in which he agreed to plead guilty to both counts. (Id., Doc. No. 3: Plea Agreement). As part of the agreement, Petitioner waived the right to appeal or collaterally attack his conviction and sentence, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 5).

Consistent with the plea agreement, Petitioner pled guilty before United States Magistrate Judge David S. Cayer in a hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. (Id., Doc. No. 7: Acceptance & Entry of Guilty Plea). After placing Petitioner under oath, the magistrate judge confirmed that Petitioner understood the charges and applicable penalties. (Id. at 1-2). Petitioner then admitted that he was, in fact, guilty of the two conspiracy counts charged in the bill of information. (Id. at 3). Petitioner also confirmed that he had sufficient time to discuss any possible defenses with defense counsel and that he was satisfied with defense counsel's services. (Id.). At the conclusion of the hearing, the magistrate judge found that Petitioner's plea was knowingly and voluntarily made and accepted it. (Id. at 4).

Before sentencing, defense counsel filed a sentencing memorandum on Petitioner's behalf, arguing for a downward variance based on Petitioner's attempts at cooperation, his

2

history and characteristics, and his "myriad of serious health problems." (Id., Doc. No. 16 at 13: Sent'g Memo.). In support of the motion for downward variance, defense counsel also attached a series of character letters submitted on Petitioner's behalf, as well as a letter from Petitioner's "treating physician." (Id., Doc. Nos. 16-1 to 16-7: Sent'g Memo., Exs. A-G).

At sentencing, this Court calculated an advisory guidelines range of 41 to 51 months in prison, based on a total offense level of 22 and a criminal history category of I. (Id., Doc. No. 19: Statement of Reasons). The Court then granted the motion for downward variance, citing the nature and circumstances of the offense and history and characteristics of the defendant, and sentenced Petitioner to 33 months in prison. (Id. at 2-3; Doc. No. 18: Judgment). The Court also ordered a term of supervised release of one year and restitution in the amount of $1,886,138.33. (Id.).

The Court entered judgment on November 22, 2013, and Petitioner did not appeal. (Id.). Instead, Petitioner filed the instant petition on August 20, 2014. In his motion to vacate, Petitioner claims that defense counsel was ineffective (1) for failing to pursue a defense challenging the 18 U.S.C. § 371 conspiracy charge, rendering Petitioner's guilty plea unknowing and involuntary, and (2) by failing to provide adequate representation at sentencing. (Doc. No. 1 at 5-11).

II. **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the

3

record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

### A.  Ineffective Assistance of Counsel

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense.  See U.S. CONST. amend. VI.  To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010).  Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'"  Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)).  Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice."  Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008).  If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong."  United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present

4

a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

1. Petitioner's First Ground For Relief

In his first ground for relief, Petitioner claims that defense counsel failed to pursue a challenge to the § 371 conspiracy conviction, thereby rendering Petitioner's guilty plea unknowing and involuntary. Specifically, Petitioner claims that there was insufficient evidence to establish that the victim lenders were federally insured "financial institutions" as required for a conviction under the bank fraud statute, 18 U.S.C. § 1344. In support, Petitioner attaches a series of deeds purporting to show that the original lenders in the fraudulent transactions were not financial institutions and cites United States v. Bennett, 621 F.3d 1131 (9th Cir. 2010), in which the Ninth Circuit held that there was insufficient evidence to support a conviction under § 1344, where the primary lender itself was not a financial institution but, instead, was a wholly owned subsidiary of a financial institution. Petitioner's claim fails for three reasons.

First, Petitioner's claim is contradicted by his own sworn statements at the Rule 11 hearing, during which Petitioner affirmed that he understood the charges and penalties, that he had discussed potential defenses with counsel, and that he was, in fact, guilty as charged. Petitioner fails to allege any "extraordinary circumstances" to rebut the truth of his sworn statements made during the Rule 11 colloquy. Lemaster, 403 F.3d at 221. Accordingly, Petitioner's self-serving claim that his guilty plea was unknowing and involuntary is without merit.

Next, Petitioner cannot show that defense counsel was ineffective for failing to pursue a motion to dismiss the conspiracy charge because any such motion would have failed. Unlike the defendant in Bennett, who was charged with substantive bank fraud, Petitioner was charged with a conspiracy where bank fraud was just one of four alleged objects of the conspiracy. In addition to bank fraud, the bill of information alleged that Petitioner conspired to make a false statement and to commit mail and wire fraud. See (Crim. Case No. 3:12-cr-332, Doc. No. 1 at 3). It is well established that when pleading guilty to a charge, a voluntary and intelligent plea of guilty "is an admission of all the elements of a formal criminal charge," and constitutes an admission of all "material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (quoting McCarthy v. United States, 394 U.S. 459, 466 (1969) and United States v. Johnson, 888 F.2d 1255, 1256 (8th Cir. 1989)). As such, even if Petitioner could have successfully attacked the bank fraud object of the conspiracy, he would nevertheless have been guilty under § 371 based on his conspiracy to make a false statement or to commit mail and wire fraud. See United States v. Tucker, 376 F.3d 236, 238 (4th Cir. 2004) (listing the elements of conspiracy under § 371). Because the alleged defense would not have impacted Petitioner's guilt of the § 371 conspiracy offense, he has not shown either deficient performance or prejudice.

Finally, Petitioner fails to carry his burden of showing that there were sufficient facts to support a defense based on an argument that the victims were not federally insured financial institutions. The facts set forth in the presentence report show that at least two of the lenders, Bank of America and PNC Bank, were federally insured financial institutions. (Crim. Case No. 3:12-cr-332, Doc. No. 13 at 8). The fact that these financial institutions were victims is further reinforced by this Court's order that Bank of America and PNC Bank were entitled to restitution in the amount of $1,406,275.62 and $479,862.71, respectively. (Id., Doc. No. 18 at 5:

Judgment). Because two of the victim lenders were financial institutions, any attack on the bank fraud object of the conspiracy would have failed.[1]

Petitioner also claims that defense counsel was ineffective for failing to review discovery with him before entry of his guilty plea. Again, Petitioner's self-serving allegation is undermined by his sworn statements at the Rule 11 hearing. In any event, even assuming that Petitioner could sufficiently show deficient performance, he does not explain how the alleged ineffective assistance would have impacted his decision to plead guilty and he, therefore, fails to even allege prejudice.

In sum, for the reasons stated herein, Petitioner's first ground for relief is without merit.

2. Petitioner's Second Ground for Relief

In his second ground for relief, Petitioner claims that defense counsel provided ineffective assistance at sentencing by failing to file a sentencing memorandum, failing to present character letters on Petitioner's behalf, failing to challenge the presentence report, failing to challenge the restitution amount, and failing to introduce evidence of his medical ailments. Petitioner's arguments are directly contradicted by the record. Contrary to Petitioner's assertions, defense counsel, in fact, filed a fifteen-page sentencing memorandum; attached several character letters, which he quoted from throughout the sentencing memorandum; moved for a downward variance; and included a letter from Petitioner's treating physician explaining his medical situation. See (Crim. Case No. 3:12-cr-332, Doc. No. 16). Furthermore, this Court ultimately granted the motion for downward variance and sentenced Petitioner to 33 months

---

[1] Petitioner's exhibits to the motion to vacate do not refute the unrebutted evidence that at least two of the lenders were financial institutions. Many of the deed documents that Petitioner attaches either relate to subsequent transactions or do not identify the lenders in the fraudulent transactions.

imprisonment, well below the advisory guidelines range of 41 to 51 months. The fact that Petitioner received a much lower sentence than was called for in the advisory guidelines supports a finding that counsel, in fact, very ably advocated for Petitioner at sentencing. Finally, as to Petitioner's claim that counsel was ineffective for failing to investigate Petitioner's contention that the restitution amount was $200,000 more than what should have been imposed, Petitioner's claim regarding the restitution amount is wholly conclusory. The Court finds that, as to all of Petitioner's contentions of ineffective assistance of counsel at sentencing, Petitioner has not shown deficient performance or prejudice in connection with defense counsel's representation, and his claim, therefore, fails.

In sum, for the reasons stated herein, Petitioner's second ground for relief is without merit.

### IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: January 5, 2015

Frank D. Whitney
Chief United States District Judge

8